John Thorne
*v.*
A. H. Tait and
Edgell, Mulford
& Co.

</div>

---

## Josiah Stanborough *v.* Dugall McCall.
## David Stanborough, Curator, *v.* same—Opposition of R. H. Stockton.

Under a *fi. fa.* from the Circuit Court of the United States, in a suit against *David Stanborough*, the Marshall, without any permission from the District Judge, went into the Clerk's office in the District Court of the Parish of Madison, in which were certain suits pending, entitled *J. Stanborough* v. *D. McCall*, and seized the notes sued on, and also made, what he terms in his return, a seizure of the judgments, or decrees of seizure and sale, and gave notice of seizure to the Clerk of the Court and to the Curator, *D. Stanborough*, but none to *McCall*, the debtor.   *Stockton* afterwards bought these notes at the sale made by the Marshall.   *Held:* that the proceedings of the Marshall were a gross and unprecedented disturbance of the Clerk in the performance of his official duties as custodian of the records of the Court, and conferred no title upon *Stockton*, at whose instigation, it seems, they were had.   The Marshall had no right to take the notes without a previous order from the District Court, in whose custody they were; and the acts done by the Marshall were insufficient to effect a seizure and form the basis of a sale.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.   *Bemiss* for plaintiff.   *Stockton* and *Steele* for opponent.

Slidell, J.   Stockton's claim to the money in the hands of the Sheriff, rests upon the validity of his alleged title to the notes which bear mortgage upon the land sold.   The District Judge was of opinion that *Stockton's* title was invalid, and gave judgment against him, from which he has appealed.

Stockton claims under a sale by the Marshall of the United States, under the following circumstances:   One of the mortgage notes was on file in the Clerk's office of the District Court for the Parish of Madison, in the suit of *J. Stanborough* v. *D. McCall*, the maker of the note.   In this suit there was an order of seizure and sale.   The two other notes were, in like manner, on file in the suit of *Stanborough*, curator, v. *McCall*, in which there was also an order of seizure and sale.

Under a *fieri-facias* issued from the United States Circuit Court, in the suit of the *Farmers' Bank of Virginia* v. *David Stanborough*, curator, the Marshall of the United States, without any permission from the District Judge of Madison, in whose court the suits were pending, went to the Clerk's office, seized the notes, and also made, what he terms in his return, a seizure of the judgments or decrees of seizure and sale in the two suits, and gave notices of seizure to the Clerk of the Court and to *D. Stanborough*, the curator, but none to the debtor. The manner of the seizure is thus stated by the Clerk of the Court, who was

2

examined as a witness: "In 1849 a gentleman entered the office and introduced himself to witness, calling himself *Smith*, and requested witness to show him the papers in the suits of *Josiah* and *David Stanborough* v. *Dugall McCall*. Witness showed all the papers to *Smith*, and explained everything in relation to them as well as he could. *Smith* then asked witness if the papers which he then held in his hand belonged to the two suits? Witness replied that they were all the papers. *Smith* then said, 'I levy on these suits as United States Marshall.' Witness told him that he could not take them away, as they were the records of the Court. *Smith* then said he had *R. C. Stockton's* instructions, and would have to follow them. Witness then remonstrated with him, and proposed to *Smith* to envelope the suits, direct them to him, and deposit them in the Recorder's office, with the understanding that *Smith* would examine the law, and see if he had any authority to take the papers away; and if he found he had no authority, he would return them; and if he had authority under the law to make the seizure, and take them into his possession, he was to do so. The notes of the two suits and protests were then enveloped and sealed, directed to '*Smith*, United States Marshall,' and witness and *Smith* went together to the Recorder's office, where they were deposited, the Clerk retaining the balance of the papers in the two cases." The Marshall then advertised the notes and judgments for sale, and at the sale *Stockton* bought them.

We consider these proceedings of the Marshall as a gross and unprecedented disturbance of the Clerk in the performance of his official duties, as custodian of the records of the Court, and as conferring no title upon *Stockton*, at whose instigation, it seems, they were had, and who purchased under them. It is clear that the Marshall had no right to take the notes without a previous order from the District Court, in whose custody they were; and the other acts done by the Marshall were insufficient to effect a seizure and form the basis of a sale. See *Hanna* v. *Bry*, 5 Annual, 656. See, also, *Price* v. *Emerson*, 7th Annual, p. —.

Judgment affirmed, with costs.